IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LISA S. BRISTOL, *Pro Se* | * | |
| | * | |
| Debtor-Appellant | * | |
| | * | |
| v. | * | Civil No. **PJM 18-02957** |
| | * | |
| TIMOTHY P. BRANIGAN | * | |
| | * | |
| Chapter 13 Trustee-Appellee | * | |
| | * | |

********

| | | |
|---|---|---|
| LISA S. BRISTOL, *Pro Se* | * | |
| | * | |
| Debtor-Appellant | * | |
| | * | |
| v. | * | Civil No. **PJM 18-03197** |
| | * | |
| TIMOTHY P. BRANIGAN | * | |
| | * | |
| Chapter 13 Trustee-Appellee | * | |
| | * | |

## MEMORANDUM OPINION

*Pro Se* Debtor-Appellant Lisa Sabrina Bristol appeals two orders issued in a single bankruptcy proceeding, *In re Lisa Sabrina Bristol*, Ch. 13 Case No. LSS 18-16227 (Bankr. D. Md.), which were docketed in this Court as two separate cases. *See* Civ. Nos. PJM 18-02957, PJM 18-03197.

In Civ. No. PJM 18-02957 *Bristol v. Branigan,* she seeks relief from the Bankruptcy Court's Order denying confirmation of her Chapter 13 Plan without leave to amend, ECF No. 1, and in Civ. No PJM 18-03197 *Bristol v. Branigan*, she seeks relief from the Bankruptcy Court's

1

Order dismissing her case for failure to appear at the hearing on the Motion to Dismiss and the failure to make plan payments[1], ECF No. 1.

For the reasons that follow, the Court **AFFIRMS** the Order of the Bankruptcy Court dismissing the case.

## I. FACTUAL AND PROCEDURAL HISTORY

Bristol filed a petition for Chapter 13 bankruptcy relief on May 8, 2018. Civ. No PJM 18-03197, ECF No. 1-2. Chapter 13 of the Bankruptcy Code allows an individual with a regular income to pay some or all of her debts over 3-5 years and keep some or all of her property by developing and complying with a payment plan under the supervision of the Chapter 13 trustee. *See* 11 U.S.C. § 1322. Bristol was represented by counsel during part of the bankruptcy proceeding but acted *pro se* starting August 29, 2018. She proceeds *pro se* in this Court as well.

On May 9, 2019, Timothy P. Branigan was appointed as Chapter 13 Trustee. Civ. No PJM 18-03197, ECF No. 1-2. Pursuant to 11 U.S.C. § 341(a), the Bankruptcy Court scheduled a Meeting of Creditors to be held on June 21, 2018. *Id.* However, Bristol failed to file the required documents and on May 23, 2018, the Bankruptcy Court issued an Order to Show Cause why the case should not be dismissed. *Id.* On June 5, 2018, the Bankruptcy Court then signed an Order Extending Time, which gave Bristol additional time to submit the required documents. *Id.* After Bristol failed to submit the requisite documents before the (extended) deadline again,

---

[1] Though the Order is titled "Order Dismissing Case for Failure to Attend Meeting of Creditors and Notice That Automatic Stay in Terminated," the text of the Order states that the case was dismissed pursuant to 11 U.S.C. § 1307(c) "[u]pon consideration of the motion to dismiss....and the response filed by the Debtor, because of the Debtor's failure to appear at the hearing on the Motion to Dismiss and the failure to make plan payments."

the Bankruptcy Court issued an Order Dismissing the Case for Failure to Complete Required Filings. *Id.*

On June 28, 2018, Bristol submitted her Chapter 13 Plan. Civ. No PJM 18-03197, ECF No. 1-2. In the plan, she stated that she would pay $1,752 per month for 60 months, in addition to a $16,000 lump sum payment in month 12, and another $16,000 payment due every 12 months afterwards until month 60. Civ. No PJM 18-02957, ECF No. 3-1. The next day, the Bankruptcy Court vacated its previous order dismissing the case. Civ. No PJM 18-02957, ECF No. 1-2. The Bankruptcy Court then certified that Bristol was in compliance with all filing requirements of 11 U.S.C. § 521(a)(1) except subparagraph 521(a)(1)(B)(iv), which was not filed with the Court pursuant to LBR 1007-4. *Id.*

On July 2, 2018, the Bankruptcy Court scheduled an Amended 341(a) Meeting of Creditors to be held on August 16, 2018. Civ. No PJM 18-03197, ECF No. 1-2. However, Bristol's counsel failed to appear at the 341(a) Meeting. Branigan then filed a Motion to Dismiss for Counsel's Failure to Appear at the Meeting of Creditors Without Excuse on August 20, 2018.[2] Civ. No PJM 18-03197, ECF No. 3-1. Branigan argued that this failure to appear constituted cause for dismissal and resulted in an unreasonable delay that was prejudicial to creditors. *Id.* Furthermore, Branigan argued that Bristol had not even tendered the first plan payment due, which was an alternate basis for dismissal under 11 U.S.C. § 1307(c). *Id.* Branigan certified that Bristol's counsel was served a version of the Motion to Dismiss via the CM/ECF system and that a paper copy was sent to Bristol. *Id.*

---

[2] Bristol's counsel filed a Motion to Withdraw on August 29, 2018 and the Bankruptcy Court approved the Motion on September 6, 2018. Civ. No PJM 18-03197, ECF No. 1-2.

Bristol filed a response to Branigan's Motion to Dismiss, arguing that she was in fact present at the 341(a) meeting though conceding that her counsel was not. Civ. No PJM 18-03197, ECF No. 3-2. According to Bristol, she was notified that her counsel would not appear at the meeting the day before the meeting, and she relayed this information to Branigan the day of the meeting. *Id.* She also told Branigan she was not feeling well and was under the influence of medication. *Id.* However, according to Bristol, Branigan refused to accommodate her situation. *Id.*

Bristol also argued in her response to Branigan's Motion to Dismiss that her counsel had advised her to not make payments until a third-party filed a Motion to Lift the Bankruptcy Stay. *Id.*

The Bankruptcy Court scheduled a Notice of Hearing on Branigan's Motion to Dismiss to be held on October 2, 2018. Civ. No PJM 18-03197, ECF No. 3-3. The Certificate of Notice from September 7, 2018 confirms that Bristol was provided notice of this hearing. *Id.* But Bristol failed to appear for the Motion to Dismiss Hearing, according to the Bankruptcy Court's Proceeding Memo. Civ. No PJM 18-03197, ECF No. 3-4. On October 2, 2018, the Bankruptcy Court dismissed the case based on Bristol's failure to appear at the Motion to Dismiss hearing and Bristol's failure to make plan payments. Civ. No PJM 18-03197, ECF No. 3-10. Bristol appealed in a timely fashion.

Separately, Branigan filed objections to Bristol's Chapter 13 plan. He stated that Bristol had failed to specify the source of the lump sum payments, had conflicting treatments of Caliber Home Loans under sections 4.6.2 and 4.6.5, and had filed an adversary proceeding to value or avoid a lien on a property owned as tenants by the entirety, in violation of law. Civ. No PJM 18-

4

02957, ECF No. 3-4. On September 17, 2018, the Bankruptcy Court denied confirmation of Bristol's plan without leave to amend. Civ. No PJM 18-03197, ECF No. 3-7. Bristol appealed in a timely manner.

Bristol has since filed a new bankruptcy case under Chapter 7 and obtained a discharge. Bankr. No. LSS 19-10119.

## II. ANALYSIS

The U.S. District Court has jurisdiction to review final decisions of the U.S. Bankruptcy Court under 28 U.S.C. § 158(a). The District Court reviews the Bankruptcy Court's conclusions of law *de novo* and findings of fact for clear error. *In re Merry-Go-Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005).

The Court considers the appeal of the Order denying confirmation of Bristol's Chapter 13 plan, and the appeal of the Order of Dismissal.[3]

*A. Order Denying Confirmation*

The criteria for confirming a plan are described in 11 U.S.C. § 1325. Generally, a bankruptcy court's findings whether the plan is in the best interests of the creditors are reviewed for clear error. *Bulmer v. Bulmer*, 2014 WL 823659, at *5 (D. Md. Feb. 28, 2014).

The Bankruptcy Court's rationale for denying the Confirmation is not entirely clear. The Order simply denied confirmation without leave to amend after "[h]aving held a hearing on confirmation of the Chapter 13 Plan proposed by the Debtor, and having concluded that the

---

[3] Though Bristol seems to make a number of arguments about the validity of her contract with her mortgage holder and/or servicer and an alleged misappropriation of payments that led to her Chapter 13 filing, those claims are not relevant to the two Orders being appealed.

5

proposed Plan does not fulfill the requirements for confirmation set out in 11 U.S.C. § 1325 and that the Debtor is unable to file a Plan that is susceptible of confirmation." Civ. No PJM 18-02957, ECF No. 3-7. The Proceeding Memo indicates only that "D appeared at MOC but no lawyer" and "no plan payment." Bankr. No. LSS 18-16227, ECF No. 56. No further explanation is presented as to why the Confirmation was denied without leave to amend. However, because the Court affirms the Bankruptcy Court's Order of Dismissal, no further action is necessary.

*B. Order of Dismissal*

A bankruptcy court "retains broad discretion" to dismiss a bankruptcy case under 11 U.S.C. § 1307(c). *See In re Jackson v. United States*, 131 F.3d 134 (Table), 1997 WL 746763 at *4 (4th Cir. December 4, 1997) (per curiam) (citation omitted). Accordingly, a district court generally reviews the decision to dismiss under 11 U.S.C. § 1307(c) for abuse of discretion. *Dailey v. Thomas*, 2017 WL 1093277, at *6 (D. Md. Mar. 23, 2017).

A Bankruptcy Court may "on request of a party in interest or the United States Trustee," "***after notice and a hearing*** . . . convert a case under [chapter 13] to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including . . . unreasonable delay by the debtor that is prejudicial to creditors[,]… failure to commence making timely payments under section 1326 of this title[,]…[or] denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan." 11 U.S.C. § 1307(c) (emphasis added). Section 1326 states that "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the

6

plan or the order for relief, whichever is earlier, in the amount--(A) proposed by the plan to the trustee." 11 U.S.C. § 1326.

The Bankruptcy Court's Order dismissed the case on two grounds: (1) Bristol's failure to make plan payments and (2) Bristol's failure to appear at the hearing on the Motion to Dismiss.

Bristol's own proposed payments were $1,752 per month for a term of 60 months. She filed her proposed plan on June 28, 2018. According to Branigan, Bristol still had not made any payments as of June 14, 2019. The Bankruptcy Court also held a hearing and provided Bristol notice, as required by 11 U.S.C. § 1307(c). *See No v. Gorman*, 891 F.3d 138, 140 (4th Cir. 2018). Thus, the Bankruptcy Court unquestionably did not err in dismissing her case for failure to make the payments under 11 U.S.C. § 1307(c).

Bristol argues that her counsel had advised her against making the payments. The fact that counsel may have so advised in no way exonerates her for her failure to abide by the Bankruptcy Code. The Code clearly states that a debtor is to commence payments within 30 days of filing of the plan. *See In re Simmons*, 256 B.R. 578, 579 (D. Md.), aff'd, 8 F. App'x 228 (4th Cir. 2001) (holding that "*pro se* status does not excuse [the debtor] from satisfying the duties and responsibilities imposed by the Bankruptcy Code on a Chapter 13 debtor.") Plain and simple; Bristol did not do so.

Bristol also did not appear for the Motion to Dismiss hearing. Though she argues that the Motion to Dismiss was not served on her and that she was not provided notice that her failure to respond might result in the entry of an order of dismissal against her because she was a *pro se* litigant, her arguments fail to persuade. As of the filing of the Motion to Dismiss, Bristol was represented by counsel. Branigan's Motion certified that Bristol's counsel was served a copy of

7

the version via CM/ECF and that a paper copy was mailed to Bristol. In addition, Bristol filed a response to the Motion. Lastly, the Certificate of Notice states that Bristol was mailed notice of the hearing on September 9, 2018, almost a month in advance. Accordingly, the Bankruptcy Court acted appropriately in dismissing the case on this ground under 11 U.S.C. § 1307(c).

Bristol failed to make the payments as required by law and did not attend the Motion to Dismiss hearing. The Bankruptcy Court dismissed the case under 11 U.S.C. § 1307(c) for these reasons. This Court finds that the Bankruptcy Court was fully justified in doing so and **AFFIRMS** the judgment of the Bankruptcy Court in Civ. No. PJM 18-03197, ECF No. 1-1.

### III. CONCLUSION

The Bankruptcy Court's Order Dismissing the case, Civ. No. PJM 18-03197, ECF No. 1-1, is **AFFIRMED.**

The appeal of the Bankruptcy Court's Order Denying Confirmation of the Debtor's Chapter 13 Plan, Civ. No. PJM 18-02957, ECF No. 1-1, is **MOOT**.

The Clerk is directed to **CLOSE** the following cases: Civ. Nos. PJM 18-02957 and PJM 18-03197.

A separate Order will **ISSUE.**

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**September 18, 2019**

8